**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| EVA DANILLE MANGUS, | ) | Case No. 3:25-bk-04917 |
| | ) | Chapter 7 |
| Debtor, | ) | Judge King |
| _____ | ) | |
| | ) | |
| EVA M. LEMEH, Trustee, | ) | |
| | ) | |
| Trustee/Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Proc. No. _____ |
| | ) | |
| NATHAN MANGUS WOODCOCK, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT FOR PARTITION AND SALE OF PROPERTY**

Eva M. Lemeh, the Trustee in the above-captioned case, files this action against the above-named Defendant, for partition and sale of a home and real property located at 2301 Colston Drive, Clarksville, Tennessee 37042 (the "Real Property"), and would further state:

1.      The Debtor, Eva Danille Mangus, filed for relief under Chapter 7 of the Bankruptcy Code on November 21, 2025 (the "Petition Date").

2.      The Plaintiff was duly appointed as Trustee by notice dated on the Petition Date and is currently serving in that capacity.

3.      Defendant Nathan Mangus Woodcock ("Defendant") is the ex-spouse of the Debtor and may be served with process at 2301 Colston Drive, Clarksville, Tennessee 37042.

4.      On the Petition Date, the Debtor had recently resolved a divorce proceeding with Defendant Perkins in the Circuit Court for Montgomery County, Tennessee (the "Divorce Proceedings") (Case No. CC-25-CV-1304).  On or around November 18, 2025, Debtor and

Defendant entered a Marital Dissolution Agreement (the "MDA"), which the court in the Divorce Proceedings made a part of the Final Decree of Divorce on November 18, 2025. *See* Ex. A, MDA. Upon information and belief, Debtor and Defendant each own a ½ interest in the Real Property, with the MDA stating that the Real Property is to be sold, with the Parties splitting the proceeds equally after the payment of the mortgage and associated sales fees. *See* Ex. A, MDA, pg. 4.

5.     The Debtor's statements and schedules value the Real Property at $423,000.00. (Docket No. 1 – 3:25-bk-04917).

6.     The Debtor's ownership interest in the Real Property is an asset of the bankruptcy estate pursuant to 11 U.S.C. § 541.

7.     Upon information and belief, the Real Property is encumbered by a mortgage in favor of Nationstar Mortgage, LLC, as serviced by Rushmore Servicing, with an approximate balance of $292,933.26.

8.     Upon further information and belief, the Real Property is encumbered by a second position Home Equity Line of Credit ("HELOC") in favor of Fortera Credit Union, with an approximate balance of $47,199.95.

9.     Debtor lives on the Real Property and has claimed a $35,000.00 homestead exemption in her interest pursuant to T.C.A. § 26-2-301(a).

10.    The Trustee asserts that partition of the Real Property between Debtor and Defendant would be impracticable.  The sale of the undivided interest of Debtor would realize significantly less for the estate than the sale of such property free of the interests of Defendant.

11.    The benefit to the bankruptcy estate for the sale of the Real Property free from the interests of the co-owner will outweigh the detriment, if any, to Defendant as co-owner.  After all,

the parties have already agreed for the Real Property to be sold under the MDA as an asset of the bankruptcy estate and to equally divide the net proceeds.

12.     The Real Property is not used in the production, transmission, or distribution for sale of electric energy or of natural or synthetic gas for heat, light, or power.

13.     Accordingly, the Property should be sold pursuant to 11 U.S.C. § 363(h).

WHEREFORE, the Trustee prays for the entry of an Order authorizing the Trustee to (a) sell the Real Property located at 2301 Colston Drive, Clarksville, Tennessee 37042 free and clear of the interest of Debtor and Defendant; (b) authorize the Trustee to enter into and execute a contract to sell, together with any deed and closing statement, on behalf of the bankruptcy estate and the interests of Defendant; (c) receive all proceeds from the sale and make all distributions to pay all related closing costs for the transaction; and (d) distribute one-half of the remaining net proceeds to the bankruptcy estate of the Debtor and one-half of the remaining proceeds to Defendant based upon each individual's interest in the Real Property. The Trustee also prays for such other further relief as may be just.


Dated this 23rd day of December 2025.


                                        Respectfully Submitted,

                                        */s/ Justin T. Campbell*
                                        Justin T. Campbell (31056)
                                        Thompson Burton PLLC
                                        1801 West End Avenue, Suite 1550
                                        Nashville, Tennessee 37203
                                        615.465.6000
                                        justin@thompsonburton.com

                                        *Counsel for the Trustee*

Case 3:25-ap-90149   Doc 1   Filed 12/23/25   Entered 12/23/25 06:25:23   Desc Main
Document     Page 3 of 3